# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

LOIS MERCER, )
)
    Plaintiff, )
)
v. ) Case No. CV412-223
)
WALMART, )
)
    Defendant. )

## **REPORT AND RECOMMENDATION**

Before the Court is Lois Mercer's form complaint against "Walmart," doc. 1, along with her motion for leave to file it *in forma pauperis* (IFP). Doc. 2. Proceeding *pro se*, she alleges that in March, 2006, she was injured inside of a Walmart store when a "Walmart cart pusher" pressed the wrong button on a "buggymart machine" and hit her in her lower back, disabling her. Doc. 1 at 3. She "applied for a disability on Jan[uary] 12, 2009...." *Id.* "She cannot work because of her bad back." She suffers other hardships, *id.* at 4, and "this case have [sic] been appeal [sic] four times to my knowledge." In unedited form, this is the statement of the relief she seeks:

> I need this court to please relief my social security disability income to Lois Mercer. Lois Mercer money is insured until December 20, 2013. Lois Mercer cannot work with this bad back and bad knees. Lois Mercer need a income to take care of herself and her nine year old daughter Whitney Ciera Mercer.

Doc. 1 at 5.

For "filing jurisdiction" purposes only, the Court **GRANTS** Mercer's IFP motion, doc. 2, as she has shown that she is indigent. The substance of Mercer's complaint[1] is that she in fact is not suing Walmart but instead wants this Court to direct the Social Security Commissioner to either grant her Social Security disability benefits or re-determine them. But she cannot bypass the Social Security system's administrative requirements. In fact, they are jurisdictional. *Mantz v. Soc. Sec. Admin*, 2012 WL 3324226 at * 1 (11th Cir. Aug. 15, 2012) (district Court lacked jurisdiction to consider claimant's *pro se* complaint challenging denial of social security disability benefits, since claimant, who stated that she was circumventing administrative appeals process in order to obtain justice, failed to exhaust her administrative remedies, and did not present

---

[1] Substance governs over any legal label a *pro se* litigant may attach. *Castro v. United States*, 540 U.S. 375, 381 (2003); *Moses v. Kramer*, 2012 WL 1448114 at * 1 (S.D. Ga. Feb. 2, 2012). Mercer doesn't even use a label, or in any way indicate what legal theory of recovery she seeks to use here.

2

constitutional claim).

Accordingly, Mercer's case should be **DISMISSED** under Fed. R. Civ. P. 12(h)(3) (requiring dismissal if the Court determines it lacks subject matter jurisdiction) because she has failed to invoke a subject-matter jurisdictional basis for this action.[2] Dismissal also is warranted under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Finally, her complaint bears no hint that its jurisdictional defect can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (even though IFP's litigant's *pro se* complaint failed to state basis for federal jurisdiction and failed to state a claim, and she failed to seek leave to amend her complaint, nevertheless she should have been afforded an opportunity to amend deficiencies prior to dismissal, where no undue time had elapsed, no undue prejudice could be shown, and the record revealed some potential claim-resuscitation).

---

[2] Because this is a court of limited jurisdiction, the burden is on Mercer to plead and prove, by a preponderance of the evidence, facts supporting its existence. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (because federal courts are courts of limited jurisdiction "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. . . .") (quotes and cite omitted); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002); *Neal v. Dowling*, 2012 WL 3637748 at * 1 n. 2 (S.D. Ga. Aug. 23, 2012).

**SO REPORTED AND RECOMMENDED** this 6TH day of September, 2012.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA